IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ERIC L. COLES,

    Plaintiff,

v.                                         Civil Action No. 3:19CV528

T. DARDEN, et al.,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Order entered on August 29, 2019, the Court conditionally docketed the action. Eric L. Coles requested leave to proceed in forma pauperis. By Memorandum Order entered on October 10, 2019, the Court directed Coles to pay an initial partial filing fee of $29.35 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within eleven (11) days of the date of entry thereof. See 28 U.S.C. § 1915(b)(1). Because Coles neither paid the initial partial filing fee nor averred that he could not pay such a fee, the Court found that he was not entitled to proceed in forma pauperis, and by Memorandum Opinion and Order entered on November 13, 2019, dismissed the action without prejudice for failing to follow the directions of the Court.

On December 5, 2019, Coles filed a MOTION TO RECONSIDER MEMORANDUM OPINION. Because this motion was filed within twenty-eight days of the Memorandum Opinion and Order, the Court construes

this motion as one brought pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 14).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Coles fails to identify under which section he brings his motion, he appears to rely upon the third ground.

Coles contends that on August 29, 2019, he submitted an in forma pauperis affidavit to the Court showing the assets he possessed. (Rule 59(e) Mot. 1.) Coles suggests that the Court did not receive this document. Coles is incorrect. The Court received the in forma pauperis affidavit he references on September 26, 2019. The Court also received the consent to collection of fees form from Coles that day. Because Coles complied with the initial August 29, 2019 Memorandum Order conditionally docketing the action, after reviewing his prison trust account statement and his in forma pauperis affidavit, the Court determined that Coles could pay an initial partial filing fee of $29.35. The Court provided Coles with an opportunity to pay the initial filing fee

or swear under penalty of perjury that he could not pay such a fee within eleven (11) days from the date of entry of that Memorandum Order. Inaction was not an option. Rather, the Memorandum Order very clearly explained that, if Coles failed to respond, the Court would dismiss the action without prejudice. To the extent that Coles believes that submission of the <u>in forma pauperis</u> affidavit in September 2019 absolves him of complying with the directives of the October 10, 2019 Memorandum Order directing him to pay the initial partial filing fee, he is again incorrect. Coles failed to comply with the directives of the Court and that warranted dismissal without prejudice of this action.

Thus, Coles fails to demonstrate that the dismissal of this action rested upon a clear error of law or that vacating that dismissal is necessary to prevent a manifest injustice. Accordingly, Coles Rule 59(e) Motion (ECF No. 14) will be denied. If Coles wishes to pursue this action, he may submit a new complaint that will be processed by the Court as a new civil action.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record.

It is so ORDERED.

/s/ R E P
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 17, 2019